UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Karen Sears,

    Plaintiff,

    v.                                                                                          Case No. 1:14cv745

Commissioner of Social Security                                           Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's February 6, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 13).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 14). The Commissioner filed a Response to the objections. (Doc. 15).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a review of the record and the same will not be

repeated here. The Magistrate Judge concluded that the ALJ's decision is supported by substantial evidence; and the evidence submitted after the ALJ's decision is not "material," warranting a remand under Sentence Six of 42 U.S.C. § 405(g).

In her objections, Plaintiff maintains that the Magistrate Judge did not adequately consider (1) whether her osteomyelitis—or infections in her spine—are severe; and (2) the functional impact of Plaintiff's poly-arthritis or newly diagnosed diabetes on her RFC. Plaintiff also argues that her new diagnoses of diabetes, hyperglycemia, hypokalemia, and anemia are "material" and therefore a remand is warranted.

### A. RFC

Plaintiff argues that the Magistrate Judge erred in concluding that the osteomyelitis was "not severe" on the basis that the infections caused by the condition did not last at least twelve months. Plaintiff explains that if, as the ALJ states, Plaintiff's physician is still prescribing antibiotics for these infections, then Plaintiff's infections have not resolved completely, and she continues to suffer from pain and functional limitation from the infection. As such, the infections would be "severe" impairments. However, the ALJ noted that the medical records indicated that the osteomyelitis had "largely resolved." (Tr. 20). Plaintiff has not pointed to medical records showing treatment for the osteomyelitis beyond January 28, 2009. (Tr. 345).

Plaintiff also argues that even if this condition was "non-severe," this condition, combined with Plaintiff's other severe impairments, created functional limitations which do not allow for medium exertion. Plaintiff cites medical evidence in the record of her poly-arthritis in her spine, hips, knee and ankle and explains that she is functionally limited by this arthritis. In support of this limitation, Plaintiff cites notes in her medical records

that she has difficulty getting onto and off of an examination table. Plaintiff explains further that while some of the medical records do not document complaints of joint pain or other related problems, Plaintiff was being seen for other conditions during those visits.

As one district court has succinctly explained:

> Because an ALJ must consider non-severe impairments in addition to severe impairments when determining whether a claimant can perform substantial gainful activity, courts have held that, so long as the claim for disability is not terminated at the Step Two stage, any potential error in classifying a claimant's impairments as severe or non-severe is generally not reversible. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) ("Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error."). But for a Step Two error to be harmless—and therefore not subject to reversal—the ALJ must have actually considered the cumulative effect of all of the claimant's impairments, severe and not severe, in assessing the claimant's RFC. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir.2009); *Fisk v. Astrue*, 253 F. App'x 580, 583–584 (6th Cir. 2007); *Stephens v. Astrue*, No. 09–55–JBC, 2010 WL 1368891, at *2 (E.D.Ky. March 31, 2010).

*Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *5 (E.D. Mich. Feb. 27, 2015). As the Court reads Plaintiff's objections, Plaintiff argues that the ALJ committed a Step Two error in failing to actually consider the cumulative effect of all of her impairments in assessing her RFC; because if the ALJ had considered the cumulative effect, the ALJ could not have concluded that Plaintiff was capable of medium exertion.

While the Court understands Plaintiff's position, the Court concludes that the ALJ did properly consider the cumulative effect of Plaintiff's impairments—including osteomyelitis and poly-arthritis—in assessing her RFC. First, the ALJ identified osteomyelitis as a non-severe impairment. (Tr. 20). The ALJ also identified

3

degenerative disc and joint disease as severe impairments. (Id.) Next, the ALJ specifically discussed evidence of Plaintiff's physical impairments with respect to Listing 1.04 (musculoskeletal disorders of the spine) and Listing 1.02(A) (major dysfunction of a joint). (Tr. 21-22). Finally, in assessing Plaintiff's RFC, the ALJ discussed Plaintiff's testimony regarding her pain. (Tr. 25). The ALJ specifically mentioned Plaintiff's testimony regarding her history or osteomyelitis and lower back pain caused by her osteomyelitis. (Tr. 25) ("The claimant indicated that her low back pain began in 2008 with an infection, and although the infection was treated with medication, which provided some pain relief, she has continued to experience back pain."). However, the ALJ determined that Plaintiff's statements were not fully credible. (Tr. 25). As part of this determination, the ALJ discussed the medical records from 2008 where Plaintiff was treated for her osteomyelitis. (Tr. 26). The ALJ concluded that the record "indicates that the claimant experiences pain and decreased mobility as a result of several conditions, including degenerative disc disease, degenerative joint disease, right calcaneus plantar spur, and obesity." (Tr. 28).

The Court concludes that the ALJ did consider the cumulative effect of all of Plaintiff's impairments, severe and not severe, in assessing the claimant's RFC. Therefore, Plaintiff's objections on this issue are OVERRULED.

### B. <u>Sentence six remand</u>

The Magistrate Judge found that Plaintiff has not met her of burden of showing materiality, *i.e* that there is a reasonable probability that the Commissioner would have decided the case differently had he considered the evidence.

Plaintiff highlights that she was actually hospitalized for three days in March of

4

2013 for her newly diagnosed diabetes, hyperglycemia, hypokalemia, and anemia. (Tr. 565-570). Plaintiff argues that the new diagnosis of diabetes provides a medically determinable basis for Plaintiff's long-standing complaints of fatigue and weakness, and this new diagnosis also explains Plaintiff's reports that she cannot lift her ten-pound dog or stand and/or walk for more than twenty minutes at a time. (Tr. 52-54).

However, the Court notes that upon discharge from the hospital in March 2013, Plaintiff's diabetes was controlled and her condition was stable. (Tr. 568). Therefore, Plaintiff's objections on this issue are **OVERRULED**.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's February 6, 2016 R&R. (Doc. 13). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                            *s/Michael R. Barrett*
                                       Michael R. Barrett, Judge
                                       United States District Court